UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER LLP
Ten James Street
Florham Park, NJ 07932
(973) 301-0001
Attorneys for Defendant
Board of Education of the
City of East Orange
Stefani C Schwartz (5901)

FILED

AUG 1 5 2003

AT 8:30 _____ AM
WILLIAM T. WALSH, CLERK

---

JAMES SCOTT,

   Plaintiff,

v.

BOARD OF EDUCATION OF THE
CITY OF EAST ORANGE, EVERETT
JENNINGS, ROBERT BOWSER,
Individually And In Their Official
Capacities,

   Defendants.

Civil Action No: 01-CV-4171 (JCL)

**NOTICE OF MOTION OF
BOARD OF EDUCATION OF THE
CITY OF EAST ORANGE FOR
A PROTECTIVE ORDER**

---

**TO:** Michael D. Shaffer, Esq.
  Shaffer & Gaier
  200 Haddonfield-Berlin Road
  High Ridge Commons, Suite 201
  Gibbsboro, NJ 08026
  Attorney for Plaintiff, James Scott

  Hardge Davis, Jr., Esq.
  63 Washington Street
  East Orange, NJ 07017
  Attorney for Defendant, Robert Bowser

  Angelo R. Bisceglie, Esq.
  Bisceglie & Friedman
  One Newark Center
  Newark, NJ 07102
  Attorneys for Defendant, Everett Jennings

**COUNSEL:**

{00158859;1}

**PLEASE TAKE NOTICE** that on the 8th day of September of 2003, at 9:30 a.m., or as soon thereafter as counsel may be heard, defendant, the Board of Education of the City of East Orange ("Board") will move at the Martin Luther King, Jr., Building and Courthouse, 50 Walnut Street, Newark, New Jersey 07101, for the entry of a Protective Order barring plaintiff from asking questions of Board members as to their independent thought processes, intentions, mental impressions, and personal beliefs employed when reaching their decision relevant to the vote to suspend Plaintiff, James Scott, and the vote to terminate Plaintiff, James Scott, or for the Board's collective thought processes, intentions, mental impressions, and beliefs relevant to the vote to suspend Plaintiff, James Scott and the vote to terminate Plaintiff, James Scott; and questions of Board members as to any deliberations, conferences or communications which took place in closed session, any other deliberation session or otherwise outside of the public record relative to the within litigation.

**PLEASE TAKE FURTHER NOTICE**, that the Board shall rely upon this Notice of Motion, the Certification of Mary Ann Cool, Certification of Stefani C Schwartz, Certification of Jason J. Lavery, Memorandum of Law, and proposed form of Order.

**PLEASE TAKE FURTHER NOTICE**, that the Board requests oral argument on this application.

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLP
Attorneys for Defendant,
The Board of Education of the
City of East Orange

By: _____
Jason J. Lavery (3366)

DATED: August 14, 2003

## CERTIFICATION OF SERVICE

I hereby certify that on the 14th day of August, 2003, I caused to be served a copy of the within Notice of Motion, Certification of Mary Ann Cool, Certification of Stefani C Schwartz Certification of Jason J. Lavery Memorandum of Law, and proposed form of Order on Michael D. Shaffer, Esq., attorney for Plaintiff, James Scott, 200 Haddonfield-Berlin Road, High Ridge Commons, Suite 201, Gibbsboro, NJ 08026; Hardge Davis, Jr., Esq., attorney for Defendant, Robert Bowser, 63 Washington Street, East Orange, NJ 07017; Angelo R. Bisceglie, Esq., Bisceglie & Friedman, attorneys for Defendant, Everett Jennings, One Newark Center, Newark, NJ 07102; the Honorable Susan D. Wigenton, U.S.M.J., Martin Luther King, Jr. Federal Building and Courthouse, 50 Walnut Street, Room 2037, Newark, NJ 07101-0999 and the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and Courthouse, 50 Walnut Street, Newark, NJ 07101-0999 via Lawyers Service.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

_____
Jason J. Lavery (3366)

DATED: August 14, 2003

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER LLP
Ten James Street
Florham Park, NJ 07932
(973) 301-0001
Attorneys for Defendant
Board of Education of the
City of East Orange
Stefani C Schwartz (5901)

| | |
|---|---|
| JAMES SCOTT<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF THE CITY OF EAST ORANGE, EVERETT JENNINGS, ROBERT BOWSER, Individually And In Their Official Capacities,<br><br>Defendants. | Civil Action No: 01-CV-4171 (JCL)<br><br>**CERTIFICATION OF MARY ANN COOL IN SUPPORT OF THE BOARD OF EDUCATION OF THE CITY OF EAST ORANGE'S MOTION FOR A PROTECTIVE ORDER** |

MARY ANN COOL, of full age, hereby certifies as follows:

1. I am the President of the Board of Education of the City of East Orange, New Jersey ("the Board") and have served in this position since May 2001. I am fully familiar with the facts set forth in this Certification, which I offer in support of the Board's Motion for a Protective Order to limit the scope of questions which plaintiff's counsel may ask of Board members.

2. The Board is the governmental body which is responsible for, among other things, personnel decisions for employees within the City of East Orange School District.

{00159737; 1}

3. Plaintiff, James Scott ("plaintiff" or "Scott") was hired by the Board as its HVAC Foreman in July of 1995.

4. In or around September of 1997, the Board transferred Scott to the position of HVAC Supervisor.

5. Sometime in early 2000, the Board became aware that plaintiff was failing to adhere to Board policies and procedures when purchasing supplies on behalf of the Board.

6. The Board investigated the matter, which resulted in confirmation that plaintiff was not abiding by Board policies and procedures when purchasing supplies on behalf of the Board.

7. Around this time, Board members commenced deliberations and discussions concerning the propriety of and facts establishing plaintiff's violations of Board purchasing policies and procedures and disciplinary options for plaintiff, which included suspension and termination.

8. On September 5, 2000, the Board voted to suspend plaintiff for repeatedly failing to adhere to Board policies and procedures when purchasing supplies on behalf of the Board.

9. Subsequently, on January 23, 2001, the Board voted to terminate plaintiff's employment with the Board for repeatedly failing to adhere to Board policies and procedures when purchasing supplies on behalf of the Board.

10. The free and candid discussions related to the decisions to suspend and ultimately terminate plaintiff are an essential element of effective management of the personnel employed by the Board.

11.  Comments concerning potential decisions and ultimate resolutions of the Board are an integral part of the predecisional deliberational process that results in a final Board decision.

12.  Mandating disclosure of personal opinions, deliberative thoughts and mental impressions would stifle the Board's deliberative processes and impair the frank and candid presentation of thoughts and ideas that are part and parcel to the Board reaching a sound and reasonable determination on any issue before the Board.

13.  Disclosure of deliberative thoughts would, therefore, result in a tangible, identifiable harm to the public interest, namely the impairment of the Board's ability to conduct a complete and unimpeded decision making process and more importantly, reaching the best and most practical decision for the Board and ultimately, the students of the East Orange School District.

14.  Moreover, permitting questions of Board members regarding their mental impressions would have a palpable negative effect on the ongoing process of developmental decisions making, such as personnel decisions like the one subject to the instant controversy. Inquiry into individual Board members' thoughts and impressions will undoubtedly interrupt and chill the open and unimpeded discussions necessary to pursuing the best possible course on behalf of the Board and its constituents.

I declare under penalty of perjury that the foregoing is true and correct.

_Mary Ann Cox_

Dated: 8/13/03

{00159737; 1}